IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| RYAN SHOVER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 21-1858-CFC |
| ) | |
| ROBERT MAY, Warden, and ) | |
| ATTORNEY GENERAL OF THE ) | |
| STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

In 2018, a Delaware Superior Court jury found Petitioner Ryan Shover guilty of first degree murder, two counts of possession of a deadly weapon during the commission of a felony, first degree conspiracy, and insurance fraud. (D.I. 1 at 2) The Delaware Supreme Court affirmed his convictions on May 21, 2019. *See Shover v. State*, 217 A.3d 1095 (Table), 2019 WL 2206270, at *1 (Del. May 21, 2019).

On December 30, 2021, Petitioner filed in this Court a Petition for Habeas Corpus Relief Pursuant to 28 U.S.C. § 2254 and a Memorandum in Support, which assert the following three grounds for relief: (1) "trial, appellate and collateral counsel abandoned his defense leaving him without counsel," in violation of *United States v. Cronic*, 466 U.S. 648 (1984) ( D.I. 3 at 3); (2) all three attorneys failed to challenge his co-defendant's cooperation agreements and how those agreements may have affected his co-defendants' credibility (D.I.3 at 3-8); and (3) the State violated *Brady v. Maryland*,

373 U.S. (1963) and *Giglio v. United States*, 405 U.S. 150 (1972) by failing to obtain and disclose favorable impeachment evidence concerning the State's witnesses (D.I. 3 at 10). Along with his Petition, Petitioner filed a Motion to Stay his habeas proceeding and a Motion to Appoint Counsel. (D.I. 4; D.I. 5) Petitioner requested a stay because he had recently filed a post-conviction motion in the Delaware state courts seeking reconsideration of his "trial and collateral proceedings" based on a recent Delaware Supreme Court decision in another case." (D.I. 4 at 1) The Court denied the Motion to Stay because Petitioner did not provide enough information regarding the procedural posture of his state proceedings to determine if a stay would be appropriate. (D.I. 6 at 2) In the same Order, the Court informed Petitioner of his rights under 28 U.S.C. § 2254 and directed Petitioner to file an AEDPA Election Form informing the Court how he wishes to proceed. (D.I. 6 at 1-2)

Petitioner did not file a completed AEDPA Election Form. Instead, he filed another Motion to Stay, asking the Court to stay his proceeding "for 60 days or until there is clarification from the state courts on his collateral status and exhaustion." (D.I. 7 at 2) The Court denied Petitioner's second Motion to Stay because he still had not provided sufficient information supporting his request. (D.I. 8 at 2) The Court also directed Petitioner to file a completed AEDPA Election Form. (*Id.*)

In response, on June 15, 2022, Petitioner filed: (1) a third Motion to Stay because the State "refuses to inform [him] of the status of his collateral proceedings" and that his state court records are sealed (D.I. 9 at 1); and (2) a completed AEDPA Election Form indicating his intent to amend the Petition to include all claims within thirty days (D.I.

10). More than forty-five days have passed since Petitioner filed these two documents, and he has not filed an amended Petition nor updated the Court on the status of his state court collateral proceedings.

A federal district court may summarily dismiss a habeas petition "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. A petitioner is not entitled to federal habeas relief unless he has exhausted state remedies for his habeas claims by "fairly presenting" the substance of the claims to the state's highest court, either on direct appeal or in a post-conviction proceeding, and in a procedural manner permitting the state courts to consider the claims on the merits. See 28 U.S.C. § 2254(b)(1)(A); Duncan v. Henry, 513 U.S. 364, 365 (1995); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997).

Based on the foregoing summary of facts, it appears that Petitioner's motion for reconsideration is still pending before the Delaware state courts. Consequently, the Court concludes that Petitioner has not yet exhausted state remedies for all of his federal habeas claims.[1]

Accordingly, the Court will summarily dismiss the instant Petition without prejudice to provide Petitioner with an opportunity to finish exhausting his state court proceeding, and will dismiss as moot Petitioner's Motion to Appoint Counsel and his third Motion to Stay. The Court will also decline to issue a certificate of appealability

---

[1]As a general rule, habeas petitions filed pursuant to 28 U.S.C. § 2254 must be filed within one year of the petitioner's judgment of conviction becoming final. See 28 U.S.C. § 2244(d)(1)(A). Petitioner is responsible for determining the events that trigger and toll the limitations period.

because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997).

A separate Order follows.

Dated: August 9, 2022

                                                            Colm F. Connolly
                                                            Chief Judge